Holmes v. Romeo Enterprises, LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X
**FRANKIE HOLMES,**
         **Plaintiff-Appellant,**

         **-v.-**                              15-3719

**ROMEO ENTERPRISES, LLC**
         **Defendant-Appellee.**
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**            Abdul K. Hassan, Abdul Hassan
                             Law Group, PLLC, Queens Village,
                             New York.

**FOR APPELLEE:**            Sanjeeve K. DeSoyza, Bond,
                             Schoeneck & King, PLLC, Albany,
                             New York.

1

Appeal from an order of the United States District Court for the Southern District of New York (Briccetti, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Frankie Holmes appeals from an order of the United States District Court for the Southern District of New York (Briccetti, J.), granting Romeo Enterprises, LLC's motion to transfer venue. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We lack appellate jurisdiction over an order granting a motion to transfer venue, given the stringent standards governing the collateral order doctrine. Our "review of the disposition of the transfer motion may delay a decision on the merits and so defeat the manifest statutory objective of making litigation quicker and less expensive." A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 443 (2d Cir. 1966).

For the foregoing reason, and finding no merit in Holmes's other arguments, we hereby **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2